**FILED**

JUN **1 6** 2020

**U.S. CLERK'S OFFICE**
**INDIANAPOLIS, INDIANA**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| APRIL L. GARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:20-cv-01642-TWP-DLP |
| | ) | |
| v. | ) | |
| | ) | |
| INDIANA UNIVERSITY, | ) | COMPLAINT |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act (ADA) (1991) (42 U.S.C. §

12101, et seq.), Title VII of the Civil Rights Act of 1964 (Title VII) and Title I of the Civil

Rights Act of 1981 and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et

seq.) to correct unlawful employment practices on the basis of disability, race and age.

Jurisdiction is based on 28 U.S.C. § 1331 to provide appropriate relief to Plaintiff April L. Gartin

(hereinafter "Gartin" referred as "Employee" or "Plaintiff") who was adversely affected by such

practices. The Plaintiff is a former employee of Defendant Indiana University - University

Information Technology Services (UITS), (hereinafter "IU-UITS" or "Employer" or

"Defendant"), and an African-American woman with a disability, and an individual over the age

of 40, who was subjected to discrimination and retaliation because of her disability, race and age

while employed at Indiana University.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343 and 1345. This action is authorized and instituted pursuant to the Americans with Disabilities Act (1991) and jurisdiction is based on 28 U.S.C. § 1331. Further, this action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and authorized and instituted pursuant to the Age Discrimination in Employment Act (29 U.S.C. § 621).

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3.     Plaintiff April L. Gartin is a former employee of Defendant Indiana University - University Information Technology Services (IU- UITS), and an African-American woman with a disability, and an individual over the age of 40, born in 1969.  Plaintiff is expressly authorized to bring this action by, and pursuant to the Americans with Disabilities Act (1991) and jurisdiction is based on 28 U.S.C. § 1331, and Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the Age Discrimination in Employment Act (29 U.S.C. § 621).  Jurisdiction is based on 28 U.S.C. § 1331.

2

4.     At all relevant times, Defendant Indiana University - UITS, has continuously been a domestic, not-for-profit public university doing business in the State of Indiana and the City of Indianapolis, Indiana and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant Indiana University – UITS, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty (30) days prior to the institution of this lawsuit, Plaintiff April Gartin filed a Complaint of Discrimination (Charge No. 470-2020-00350) with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") alleging violations of the Americans with Disabilities Act (1991) (42 U.S.C. §12101, et seq.), Title VII of the Civil Rights Act of 1964 (Title VII), and the Age Discrimination in Employment Act (ADEA) by Defendant Employer. *See* Exhibit 1. The EEOC issued a Dismissal and Notice of Rights dated March 18, 2020.  Plaintiff Gartin received the notice on or about March 21, 2020. *See* Exhibit 2. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least December 1, 2017, Defendant Employer has engaged in unlawful employment practices at its Indianapolis, Indiana location in violation of the Americans with Disabilities Act (1991) (42 U.S.C. §12101, et seq.) and Section 703(a)(1) of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e-2(a)(1) and the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.).  Defendant Employer subjected Plaintiff to discrimination, retaliation and termination based on her disability, race and age.

8. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect their status as an employee, because on their disability, race and age.

9. The unlawful employment practices complained of above were intentional and reckless.

10. The unlawful employment practices complained of above were done with malice and reckless indifference to the federally protected rights of Plaintiff.

## FACTS

11. Plaintiff April L. Gartin began employment with Indiana University - IUTS in 2003 as a System Analyst, and her title later changed to Associate Business Analyst.

12. Plaintiff worked as a full-time employee in the office for twelve (12) years until 2015, when her illness (lupus and connective tissue disease) required her to work from home.

13. Plaintiff completed her assigned work duties while she worked remotely from home.

14. Plaintiff was subjected to terms and conditions that were not required of other employees while she worked remotely from home.

15. Plaintiff was subjected to discrimination and retaliation due to her disability (lupus and connective tissue disease) and her race (African American) and her age (over 40) during employment as early as December 1, 2017.

4

16.     In December 2017, Plaintiff's supervisor Todd Neal stated that he had to get her back into the office. Plaintiff had been working remotely from home due to her health condition.

17.     In 2017, two (2) employees left the department and by May 2018, Plaintiff was the only employee working on her team other than her supervisor, Todd Neal.

18.     In January 2018, Todd Neal put Plaintiff on a Performance Improvement Plan (PIP) and gave her more work duties than those given to other employees.

19.     After the other employees left, Plaintiff had to absorb their work duties.

20.     Plaintiff's workload was increased and she was expected to meet the same standards that she had when more people held the job duties.

21.     The employer often ignored Plaintiff's request for reasonable accommodations, i.e. her work hours changed, meetings were scheduled before her work hours, etc. and she was required to submit a summary of what she worked on, whereas others were not required to do so.

22.     Plaintiff made complaints to management, but her heavy workload continued.

23.     Plaintiff was told by her supervisor Todd Neal in May 2018, to set her training on the "back burner" and she was not able to receive training on additional skills and duties after the workload increased.

24.     After Plaintiff complained, she was targeted with more work demands that were subjective and did not follow her job description.

25.     In June 2018, Plaintiff was not given a cost of living increase and was told by Human Resources that the increase was up to her supervisor's discretion.

5

26.     There were no issues with Plaintiff's performance until her illness, the decrease in other personnel and the increased work demands.

27.     Plaintiff's medical conditions were exacerbated due to the stress, increased work demands and retaliation.

28.     Plaintiff filed several grievances based on the work environment and problems, but Defendant Employer did not follow the proper steps or procedures for the grievance process.

29.     Plaintiff had to take extended medical leave due to the stress caused from work.

30.     Plaintiff believes that she has been subjected to discrimination and retaliation based on her disability in violation of the Americans with Disabilities Act (ADA), race in violation of Title VII of the Civil Rights Act, and age in violation of the Age Discrimination in Employment Act (ADEA).

31.     On or about October 25, 2019, Plaintiff April Gartin filed a Complaint of Discrimination (Charge No. 470-2020-00350) with the U.S. Equal Employment Opportunity Commission regarding disability, race and age discrimination against Defendant Employer.

32.     On or about December 18, 2019, the Employer sent the IU police to Plaintiff's home to collect her work equipment (computer laptop, screens, and headset), despite Plaintiff informing them that she would be returning it to the office when she returned from holiday vacation.

33.     On or about March 18, 2020, the EEOC issued a Dismissal and Notice of Rights for Plaintiff April Gartin's EEOC Charge.

34.    The Conduct of the Defendant, which is complained of herein is in violation of the Americans with Disabilities Act (1991), the Civil Rights Act of 1964, (Title VII) as amended, and the Age Discrimination in Employment Act (ADEA).

### PRAYER FOR RELIEF

Wherefore, the Plaintiff seeks the following relief from discrimination and respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on disability, race or age and any other employment practice which violates federal employment law.

B.    Order Defendant Employer to institute and carry out policies practices, and programs which protect employees from disability discrimination and provide equal employment opportunities for employees, regardless of disability, race or age, or other protected classes, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make Plaintiff whole by providing compensation for any past and future pecuniary losses (back pay and front pay) resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D.    Order Defendant Employer to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

7

E.      Order Defendant Employer to pay Plaintiff punitive damages for its intentional, malicious and reckless conduct described above, in amounts to be determined at trial.

F.      Order Defendant to make Plaintiff whole by paying liquidated damages for the unlawful practices complained of above, in amounts to be determined at trial.

G.      Grant such further relief to the Plaintiff, as the Court deems necessary and proper in the premises.

H.      Award the Plaintiff their costs, including attorney fees, pursuant to 42 U.S.C. §12205 and 42 U.S.C. §2000e-5(k) in this action.


## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by this Complaint.


Respectfully submitted,


By: _____

        Michelle Smith Scott, Atty. ID #18983-49A
        120 E. Market St., Suite 305
        Indianapolis, IN 46204
        Telephone:  (317) 371-3667
        Facsimile:   (317) 376-7043
        Email: msmithscott@aol.com


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing *Complaint* has been served by first-class United States mail, postage prepaid, this 12th day of June, 2020, upon:

8

Indiana University – UITS
535 W. Michigan Street
Indianapolis, Indiana 46204

_____
Michelle Smith Scott, Esq.

Michelle Smith Scott
120 E. Market St., Suite 305
Indianapolis, IN 46204
Telephone:  (317) 371-3667
Facsimile:  (317) 376-7043